UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DENEISE SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:15CV00233 ACL |
| | ) |
| | ) |
| FALCON DOOR AND WINDOW, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. *See* 28 U.S.C. § 636(c). The matter is presently before the Court on Plaintiff's Motion to Remand (Doc. 10), and the parties' Joint Stipulation to Dismiss Federal Claims and Amend Complaint (Doc. 22).

**Background**

On October 29, 2015, Plaintiff filed a Petition for Damages ("Complaint") in the Circuit Court of Dunklin County, Missouri. (Doc. 1, Ex. A.) The Complaint alleges that Plaintiff's employer, Defendant Falcon Door and Window, Inc., terminated her because of her previous medical treatment. *Id.* at ¶ 7. It states that Defendant systematically eliminated employees that had "disabilities and medical conditions." *Id.* at ¶ 9. The Complaint alleges that Defendant's termination of Plaintiff was wrongful in that Defendant discriminated against Plaintiff as a result of her age, medical condition, and disabilities. *Id.* at ¶¶ 19, 20. It also alleges that Plaintiff submitted a charge of discrimination to the Missouri Commission on Human Rights, and that the

1

"Equal Employment Opportunity Commission has issued its Notice of Right to Sue to Plaintiff." *Id.* at ¶¶ 21, 22.

On December 11, 2015, Defendant removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1.) On January 8, 2016, Plaintiff filed a Motion to Remand, arguing that the jurisdictional amount in controversy has not been met. (Doc. 10.) Defendant filed a Memorandum in Opposition to Plaintiff's Motion to Remand, in which Defendant argues that the matter was removed based on federal question jurisdiction, not diversity jurisdiction. (Doc. 12.) Defendant contends that the face of the Complaint contains allegations of age and disability discrimination falling under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Americans with Disability Act of 1990, 42 U.S.C. § 12101 *et seq*.

On February 11, 2016, after the entry of appearance of additional counsel, Plaintiff filed a Reply Memorandum in Support of Motion to Remand. (Doc. 18.) Plaintiff argues that she is only seeking to assert a claim under the Missouri Human Rights Act, R.S.Mo. § 213.010, *et seq.*, and that, if this matter is remanded to state court, she intends to file a First Amended Petition clarifying the state statute under which she seeks recovery. (Doc. 18.)

On February 25, 2016, the parties filed a Joint Stipulation to Dismiss Federal Claims and Amend Complaint. (Doc. 22.) The parties state that, although the Complaint could be perceived to assert federal claims, Plaintiff has stated that her intent was to limit her claims to an action under the Missouri Human Rights Act. To resolve this issue, the parties jointly stipulate as follows: (a) to the extent Plaintiff's Complaint raised any claims under Title VII or the ADEA, those claims are being dismissed with prejudice; (b) the parties request the Court to grant Plaintiff leave to file a First Amended Complaint (Doc. 22-1); and (c) after the First Amended

Complaint has been filed, the parties agree that it is appropriate for this matter to be remanded back to state court.

**Discussion**

Federal question jurisdiction exists in "all actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, specifically those actions where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 908 (8th Cir. 2005) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). The burden of establishing that a cause lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction--in this case, Defendant. *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010).

Whether a defendant may remove a case based on federal question jurisdiction is determined by the "well-pleaded complaint" rule. *Franchise Tax Bd.*, 463 U.S. at 9. Under the "well-pleaded complaint rule," a case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint. *Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1220 (8th Cir. 2006) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. Federal Rules of Civil Procedure 8(a)(2) provides that the complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Here, Plaintiff alleges age discrimination and disability discrimination and references the EEOC and Notice of Right to Sue in addition to the Missouri Commission on Human Rights. Thus, the face of the Complaint contains statements sufficient to allege causes of action under

Title VII and the ADEA. *See Meyer v. Choice Hotels Int'l*, No. 4:07CV915(JCH), 2007 WL 1725293 (E.D. Mo. June 12, 2007) (plaintiff stated federal question where her complaint set out "the factual circumstances behind the alleged discrimination and references an EEOC right-to-sue letter").

The parties have stipulated that, to the extent Plaintiff's Complaint raises any claims under Title VII or the ADEA, those claims are being dismissed with prejudice. The parties further request that the Court grant Plaintiff leave to file a First Amended Complaint. The First Amended Complaint elucidates that Plaintiff is seeking recovery under the Missouri Human Rights Act only.

Leave to amend must be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). A court should also scrutinize whether the motion was made to defeat federal jurisdiction and examine the harm to the plaintiff if the motion is denied. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009). In this case, Plaintiff represents that it was her intent to limit her claims to an action under the Missouri Human Rights Act, and Defendant consents to Plaintiff's request to dismiss her federal claims and file a First Amended Complaint. The Court will, therefore, grant the parties' requests.

The parties have also consented to the remand of this action to state court. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). This Court has observed that dismissal of MHRA claims is often appropriate where federal claims have been dismissed, as the legal analysis of those claims has diverged from federal employment discrimination law. *See Dickey v. Lou Fusz Auto. Network, Inc.*, No. 4:10CV1818(CEJ), 2012 WL 162408, at * 6 (E.D. Mo. Jan. 19, 2012). Remand would

be improper, however, if the Court has jurisdiction based on diversity of citizenship. *Wierman v. Casey's General Stores*, 638 F.3d 984, 1003 (8th Cir. 2011). In this case, both Plaintiff and Defendant are citizens of Missouri.

The Court will therefore decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and will remand this case to the Circuit Court of Dunklin County, Missouri, from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Stipulation to Dismiss Federal Claims and Amend Complaint (Doc. 22) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Americans with Disability Act of 1990, 42 U.S.C. § 12101 et seq. are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 22) is **granted**.

**IT IS FURTHER ORDERED** that the consent Motion to Remand (Doc. 22) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's original Motion to Remand (Doc. 10) is **denied as moot.**

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this matter is remanded to the Circuit Court of Dunklin County, Missouri.

        /s/ Abbie Crites-Leoni
      ABBIE CRITES-LEONI
      UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of March, 2016.